IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD RAY FORMAN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21cv00148 |
| | ) | |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| HAROLD CLARKE, Director, | ) |     United States District Judge |

**MEMORANDUM OPINION**

Donald Ray Forman, a Virginia inmate proceeding *pro se*, has filed a petition for writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment of convictions against

him entered by the Russell County Circuit Court on December 28, 2016.  The respondent has

filed a motion to dismiss, and Forman has responded, making this matter ripe for disposition.

After careful review of Forman's claims, the court concludes that the state court's decision on

each of the claims was neither contrary to, nor an unreasonable application of, clearly established

federal law.  The court further concludes that the state court's decision was not based on an

unreasonable determination of the facts.  For these reasons, explained more fully below, the

court will grant the motion to dismiss.

## I.   BACKGROUND

On November 9, 2015, a grand jury for the Russell County Circuit Court indicted Forman

for one count of sexual intercourse with a child under age 13 (rape) in violation of Virginia Code

§ 18.2-61(A)(iii), three counts of forcible rape in violation of Virginia Code § 18.2-61(A)(1),

eight counts of carnal knowledge of a minor in violation of Virginia Code § 18.2-63, two counts

of indecent liberties with a minor in violation of Virginia Code § 18.2-370, and 27 counts of

using a communication device to propose a sex act to a child known to be under age 15 by one

who is at least seven years older in violation of Virginia Code § 18.2-374.3.  Forman was arrested and held without bond.  Over the next year, according to the Virginia Courts Case Information System online, Forman's case was scheduled for a jury trial four different times, each continued until the fourth time, December 12, 2016.

On December 12, 2016, the trial judge asked the parties if they were prepared to begin trial.  When all counsel stated yes, the judge identified each charge for Forman and asked how he wished to plead.  Forman stated that he was pleading not guilty.  The judge engaged in the standard colloquy with Forman to ensure that his plea was knowing and voluntary.  Forman stated that he understood the charges against him, had met with his attorney several times, knew what the government had to prove, that he was satisfied with his attorney, and that it was his choice to plead not guilty.  (Hr'g. Tr., 5–11, Dec. 12, 2016.)

After a break, the parties informed the court that Forman wished to change his plea because an agreement had been reached.  The judge went over questions again to be sure that Forman's choice was knowing and voluntary.  (*Id.* at 13–18.)  Forman acknowledged that a guilty plea meant he was waiving his right to the jury trial and waiving the right to confront and cross-examine the witnesses against him.  When asked if he understood that he could not appeal the court's decision, Forman asked "Can't appeal?" (*Id.* at 15.)  The court explained that he could not appeal a guilty verdict, except on very limited jurisdictional grounds.  The judge also told him that even though he could appeal his sentence, if the sentence was within the guideline range, the Court of Appeals was not going to change anything.  He then asked if Forman still wanted to change his plea to guilty, and Forman said, "Yeah." (*Id.*)  Finally, the court asked Forman to explain why he wanted to change his plea.  Forman answered that he decided to plead guilty because, under the agreement, "the charges have been amended so there is no mandatory

time. . . . there's some minimum like five to . . . five to life, but none of that is mandatory." (*Id.* at 16.)

Under the plea agreement, the Commonwealth agreed to amend all 27 indictments for using a communication device to propose a sex act to a child known to be under age 15 by eliminating the language "while being a person that is at least seven (7) years older than the child." (*Id.*)  This removed the mandatory five-year minimum sentence on each of those charges. Forman agreed to plead guilty to the 27 amended charges and to three of the carnal knowledge charges.  All remaining charges (four counts of rape, two counts of indecent liberties with a minor, and five counts of carnal knowledge) would be dropped.   The written plea agreement is part of the Circuit Court's criminal record.  (CCCR[1] at 350–355.)  The parties did not enter an agreement on sentencing, leaving that to the court.

After the plea colloquy, the Commonwealth's Attorney proffered the evidence that the state would have introduced if the matter had gone to trial:

> [T]he victim in this case, [D.P.T.], was living with her grandmother . . . in . . . Russell County.  [Grandmother] has been dating Mr. Foreman (sic) for approximately a decade or so.  [DTP] would testify that she can't remember a time when Mr. Foreman (sic) wasn't a part of her life.  Her grandmother got custody of her at age ten (10) and she went to live with her grandmother full-time. She would testify that at age ten (10) the relationship between she and Mr. Foreman (sic) changed from that of a grandfather type figure to one where he started making inappropriate sexual comments toward her and started touching her and had sex with her first at the age of ten (10), and that continued until she was thirteen (13) years old and told at Lebanon High School, when she was in eighth grade, and that would have been in September of 2015.  When Detective Rhea, with the Sheriff's Office, and the D.S.S. worker interviewed the victim in this case, she showed them a number of text messages and Facebook Messenger messages containing sexual content.  She would say that all of these events

---

[1] All references to the criminal record in *Commonwealth v. Forman*, No. CR15018535, Russell County Circuit Court, will abbreviated to "CCCR," with citation to the page numbers hand-written in red ink at the bottom center of each page.

> did occur in Russell County, that she was between the ages of
> ten(10) and thirteen (13) when they occurred, and that, I think,
> when they ended, Mr. Foreman (sic) was forty-seven (47) years
> old.

(Hr'g. Tr. at 19–20, Dec. 12, 2016.)  The Commonwealth also wished for sentencing to proceed

the same day because the victim was already in court and because they did not want her to have

to return another time to testify at sentencing.  (*Id.* at 18.)   The trial court accepted the plea, then

released the jury, before starting the sentencing hearing.  (*Id.* at 20.)

DPT testified at the sentencing hearing, consistent with the Commonwealth's proffer.

She identified a 73-page packet that included pictures of her grandmother's home and copies of

several text messages (including a text with a photo of Forman's penis) and Facebook Messenger

messages containing suggestive, lewd comments and requests for specific sexual acts.  Forman's

messages offered cash, phone cards, and other privileges if she would agree, and threatened to

stop allowing her to see her boyfriend or go to football games if she refused.  DPT's text

responses to Forman's texts made it abundantly clear that she did not want to participate in

sexual activities with Forman.  DPT also testified that she had been cutting herself as a way of

coping with the trauma of Forman's behavior.  (*Id.* at 22–43.)  Her therapeutic foster mother also

testified about the effect of Forman's abuse on DPT's life, including self-mutilating, anger, guilt,

and trust issues.  (*Id.* at 44–45.)  Investigator Rhea with the Russell County Sheriff's Office

testified about her investigation of the case, including a tape-recorded interview with Forman

(played for the court) in which Forman essentially blamed DPT for anything that had occurred.

(*Id.* at 45–49.)

After hearing all the evidence, the court sentenced Forman to 50 years, with ten

suspended.  On December 15, he clarified the sentence to comply with statutory requirements

that precluded running the carnal knowledge sentences concurrently and imposed ten years on

each carnal knowledge charge, with two years suspended on each, to run consecutively.  On two of the communication device charges, he also imposed a sentence of ten years with two years suspended on each, to run consecutively.  On the remaining 25 communication device charges, he imposed concurrent ten-year sentences, to run concurrently with the other communication device sentences.  The total sentence remained 50 years, with 10 suspended and 40 to serve. (CCR at 356–360, 384–385.)

Forman appealed the court's decision, alleging that: (1) his plea was not knowing and voluntary, (2) the trial court exceeded the sentencing guidelines, (3) the trial court accepted perjured testimony, and (4) ineffective assistance of counsel; by supplemental *pro se* petition, Forman added additional issues: (5) the transcript had factual errors, and (6) counsel denied him the opportunity to present a defense.  The Court of Appeals found no error and denied the appeal. *Forman v. Commonwealth*, No. 0113-17-3 (Va. Ct. App. op. entered Jan. 26, 2018).  Forman did not appeal to the Supreme Court of Virginia.

On June 30, 2018, Forman filed a petition for a writ of habeas corpus in the Circuit Court for Russell County, raising the following claims of ineffective assistance of counsel:

(1) Counsel failed to investigate the case;

(2) Counsel failed to investigate Forman's mental health history and to request a competency hearing;

(3) Counsel failed to investigate Forman's medical history, to request a physical examination of the victim, and to call a medical expert on child sex abuse;

(4) Counsel did not advise Forman that he could not waive his rights to a Presentence Investigation Report under Virginia Code § 19.2-299(iii); and

(5) Because counsel failed to request a competency hearing, Forman's plea was

involuntarily, unknowingly, and unintelligently made.

The trial court dismissed the habeas petition, finding that Forman was bound by his

representations at the plea hearing of satisfaction with his attorney and could not challenge

alleged violations of his constitutional rights occurring before the guilty plea.  Further, Forman

established neither deficient performance nor prejudice on any of his claims.  *Forman v.*

*Clarke*, No. CL18-712 (op. entered Jan. 21, 2020).  By order entered February 4, 2021, the

Supreme Court of Virginia refused Forman's petition for appeal, finding "no reversible error in

the judgment complained of."  *Forman v. Clarke*, No. 200406 (entered Feb. 4, 2021).

Forman timely filed his § 2254 petition on March 9, 2021, raising the same issues raised

in the state habeas proceeding.  Accordingly, his claims have been properly exhausted.

## II.  DISCUSSION

A federal court may grant a petitioner habeas relief from a state court judgment "only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).  Federal courts reviewing constitutional claims adjudicated on the

merits in the state court may grant relief on such a claim only if the state court's decision was (1)

"contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or (2) "was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding."  28

U.S.C. § 2254(d)(1)-(2).  When reviewing a claim of ineffective assistance of counsel, courts

also apply a highly deferential standard.  A petitioner must show that (1) counsel's performance

was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment *and*

(2) that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S.

668, 687 (1984).  When reviewing a state court's assessment of an ineffective assistance of

counsel claim, federal review is "doubly deferential" because the deferential standard of review

under the statute overlaps with the deferential standard under *Strickland*.  *Cullen v. Pinholster*,

563 U.S. 170, 190 (2011).  In other words, the federal court is to afford "both the state court and

the defense attorney the benefit of the doubt."  *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

Deficient performance requires a showing that counsel's performance fell below "an

objective standard of reasonableness . . . under prevailing professional norms."  *Strickland*, 466

U.S. at 688.  The reviewing court must not rely upon "the distorting effects of hindsight," but

must presume that counsel's decisions and actions fell within the wide range of reasonable

strategy decisions.  *Id.* at 689–90.  To establish prejudice under *Strickland*, Forman must show

that there was "a reasonable probability that the outcome of the proceedings would have been

different," which means a probability sufficient to undermine confidence in the outcome."  *Id.* at

694.  When a petitioner pled guilty to the charges, to show prejudice, he must show a reasonable

probability that, but for counsel's error, he would have pleaded not guilty and insisted on going

to trial; such claims must be evaluated objectively, in light of the circumstances petitioner faced

at the time of his decision.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Hooper v. Garraghty*, 845

F.2d 471, 475 (4th Cir. 1988).

Using the standard of review required by § 2254(a) and the criteria in *Strickland*, the

court will address each of Forman's claims.  In determining the reasonableness of the state

court's decision, the court will review the habeas opinion from the circuit court, the last reasoned

state court opinion addressing Forman's claims.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803

(1991) (holding that a federal habeas court must presume that unexplained orders from the state's

highest court, upholding a lower court's decision, are based upon the same reasoning as the

lower court opinion).

## A.  Failure to Conduct Pretrial Investigation

Although defense counsel has a duty to investigate the facts of his client's case, an

allegation of inadequate investigation is not sufficient for habeas relief unless the petitioner

proffers what should have been investigated and what such investigation would have shown.

*Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).  In this claim, all Forman has done is

raise a general allegation of failure to conduct an investigation.  For this reason, among several

others, the state habeas court found that Forman demonstrated neither deficient performance nor

prejudice on this claim.  *Forman*, No. CL18-712, at *5.

Without alleging what information that counsel's investigation would have found,

Forman has not alleged enough to enable a court to determine whether such an investigation

would have created the reasonable likelihood of a different outcome.  Accordingly, he has failed

to allege sufficient facts to support prejudice, one prong of the *Strickland* inquiry.  Because both

deficient performance and prejudice are required elements of ineffective assistance of counsel,

the court need look no further to find that the state court's habeas decision was based on a

reasonable interpretation of the law and facts on this claim, and accordingly, this court cannot

grant habeas relief on this claim.

## B.  Failure to Investigate Forman's Mental Health History

Forman alleges that counsel was ineffective for failing to investigate his mental health

history because Forman was psychiatrically hospitalized for a year during his teens and because

he received Social Security benefits for mental retardation.  He further alleges that counsel

would have/should have filed a motion for a competency hearing if he had obtained the

necessary documentation of Forman's condition.  As noted by the state habeas court, however,

the burden is on Forman to demonstrate that a reasonable attorney would have requested a

competence hearing under these circumstances.  He has failed to meet this burden.

Mental illness is not equivalent to incompetence.  Mental illness covers a wide range of

conditions that affect a person's thinking, feeling, mood, or behavior, but these conditions do not

necessarily render a person incompetent.  Incompetence is the inability to understand the charges

against him and present inability to assist counsel.  *Dusky v. United States*, 362 U.S. 402, 402

(1960); *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000).  The law presumes a defendant to

be competent, and the burden of proving incompetency is on the criminal defendant at trial, and

even more so on habeas review.  As the Fourth Circuit Court of Appeals has stated:

> Not every manifestation of mental illness demonstrates
> incompetence to stand trial . . . Likewise, neither low intelligence,
> mental deficiency, nor bizarre, volatile, and irrational behavior can
> be equated with mental incompetence to stand trial.

*Burket,* 208 F.3d at 192.

Knowledge that Forman, then 47 years old, had been psychiatrically hospitalized as a

teenager,[2] some 30 years earlier, in the absence of any evidence of current inability to understand

his charges or assist his attorney, does not warrant a finding that counsel's actions were deficient

or fell below a reasonable standard of care.  Neither is retardation[3] or intellectual disability

sufficient to establish incompetency.  Intellectual disability is characterized by mild to severe

impairment of intellectual function.  This does not mean that the person is not capable of

---

[2] Petitioner's exhibit 1 indicates that he was admitted to a state hospital in Kansas at age 15 on August 2, 1983, and discharged on July 9, 1984.  His diagnoses were "conduct disorder, socialized, aggressive." (Pet. Ex. at 1–2, Dkt. No. 1-1.)  These diagnoses indicate serious misbehavior that often violates the law but do not suggest any psychotic break with reality or other condition that would impair a person's ability to understand his charges and assist his attorney.

[3] Petitioner's Social Security record indicates that he has been determined entitled to SSI because of personality disorder and mental retardation, and that he is disabled by somatoform disorder.  Pet. Ex. at 6.

understanding charges against him or that he cannot assist his lawyer.  The deficiencies of intellectual disability "do not warrant an exemption from criminal sanctions."  *Atkins v. Virginia*, 536 U.S. 304, 318 (2002).

The state habeas court held that Forman acted "in a manner exhibiting competence" throughout the proceeding, indicating no reason for counsel to question his competence. *Forman*, CL18-712, at *8.  The state court's findings of facts are presumed correct, and they can be overcome only "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  That evidence must demonstrate that the court's factual findings are unreasonable, a substantially higher showing than merely incorrect.  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  In the present case, the state court's decision is not only reasonable, but correct.  As discussed in the Background section previously, Forman interacted with the court, not only with "yes" or "no" answers, but by questioning the loss of his appeal rights by pleading guilty and by explaining, in his own words, why he chose to change his plea from "not guilty" to "guilty."

Finally, Forman has demonstrated no prejudice because of counsel's failure to request a competency hearing.  To prevail at a competency hearing, Forman would have to show that he was, in fact, incompetent.  He has not offered any evidence regarding his competency in December 2016, at the time of his plea.  Nor has he offered evidence that he has ever been incompetent.  The state court's determination that Forman failed to establish prejudice is both a reasonable and proper determination of law.  Because Forman has failed to show either deficient performance by counsel or prejudice, as determined by the state court's reasonable decision, this court must dismiss this claim.

### C. Failure to Investigate Forman's Medical History, Request Rape Exam of Victim, and Call a Medical Expert

#### 1. Failure to Investigate Forman's Medical History

Forman asserts that he has a sexually transmitted disease, human papillomavirus, also known as genital warts, and that he had this condition before the time of the alleged offenses. He says he advised his attorney of this fact. He alleges that counsel was ineffective in failing to investigate this medical background. The state habeas court did not address this portion of Forman's claim, although it was presented in the state habeas petition. (HR[4] at 23–26.) When the state court does not adjudicate the merits of a claim properly presented, federal courts are not bound by the deferential standard of review contained in § 2254(d). Rather, the federal court reviews such a claim de novo. *Plymail v. Mirandy*, 8 F.4th 308, 316 (4th Cir. 2021); *Valentino v. Clarke*, 972 F.3d 560, 576 (4th Cir. 2020).

Forman does not indicate what investigation of his medical background was necessary. He had already advised his attorney that he had the condition. He alleges that HPV is highly contagious, supporting an inference that it is possible, even likely, that he would have transmitted the illness to the victim, if sexual conduct occurred as she alleged. The only additional investigation counsel could have done would be to obtain Forman's medical records, which would confirm information Forman had already disclosed. Counsel could reasonably could have concluded that further investigation was not necessary for a number of reasons: Absence of HPV in the victim would not prove that the sexual conduct did not happen; questioning the victim on cross-examination could elicit whether she had been tested, diagnosed, or treated for the condition; and finally, counsel may have feared that raising an STD issue

---

[4] References to the habeas record in Russell County Circuit Court, No. CL18-712 will be abbreviated "HR," citing the page numbers handwritten in red ink in the bottom center of each page.

would be more prejudicial to his client, especially given the content of the text and other messages between Forman and the victim.  Tactical decisions of counsel should not be second-guessed but should be viewed with deference to determine their reasonableness.  *Huffington v. Nuth*, 140 F.3d 572, 581 (4th Cir. 1998).  Accordingly, Forman has failed to establish deficient performance on this issue.  For the reasons discussed more fully below, he has also failed to establish prejudice.

### 2.  Failure to request exam of rape victim

Presumably, the reason that Forman wanted an examination of the victim was to determine that she did not have HPV.  However, the testing  he requested, including a PERK kit, is highly invasive.  This subclaim is the one part of Claim C that the state habeas court addressed.  The state court noted that under Virginia law, a criminal defendant has no right to a physical examination of a rape victim.  *Clark v. Commonwealth*, 551 S.E.2d 642, 644 (Va. 2001).  Had counsel filed such a motion, the court would have denied it.  Counsel is not required to file a futile motion.  *Sharpe v. Bell*, 593 F.3d 372, 383 ( 4th Cir. 2010).  Because counsel had no way to compel a physical examination of the victim, there is no prejudice from any failure of counsel to investigate Forman's medical history nor from his failure to file a motion that would not be granted.   Interpreting state law is beyond the purview of a federal habeas court's authority.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions.").  Given the state's law, the habeas court's application of *Strickland* was eminently reasonable, as to both the facts and the law, and a federal habeas court must defer to the reasonable decisions of the state habeas court.

### 3.  Failure to call a medical expert

As with the investigation of Forman's STD, the state habeas court did not address counsel's failure to call a medical expert.  Accordingly, the court reviews this subclaim de novo. *Plymail*, 8 F.4th at 316.

The decision whether to call a defense witness is a strategic decision to which courts must afford great deference.  *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004).  This deference applies to the decision to call expert witnesses as well as factual witnesses.  *Huguely v. Clarke*, 509 F. Supp. 3d 575, 608 (W.D. Va. 2020).  Because Forman chose to plead guilty rather than go to trial, calling defense witnesses would seem to be a moot point.  Counsel's performance is not deficient when he fails to call defense witnesses to negate guilt at a guilty plea hearing.  Neither did Forman state what a medical expert would have been able to testify about that would be germane to his defense.  In the absence of such an allegation, he cannot establish prejudice.  This subclaim fails to state a meritorious claim for ineffective assistance of counsel.

## D.  Failure to Advise Forman that he Could Not Waive his PSR

Virginia Code § 19.2-299(iii) requires the court to consider a presentence report before sentencing a criminal defendant convicted of carnal knowledge, stating that a defendant cannot waive the report.  Under Virginia law, this statute is procedural only, and failure to comply with it does not give rise to a justiciable habeas claim.  *Smyth v. White*, 77 S.E.2d 454, 456 (Va. 1953).  Unless the matter rises to the level of a federal constitutional violation, the effect of a state procedural statute is a matter of state law, which again, is not the province of a federal habeas court.  *Estelle*, 502 U.S. at 67–68.  Therefore, the state habeas court has the last word on this issue, and its decision will not be disturbed.

**E.  Failure to Request a Competency Hearing**

This claim is essentially the same as the one raised in Claim B.  Because there was no evidence of legal incompetence, as discussed in the earlier section, counsel was not deficient for failing to request a hearing.  Because Forman has offered no evidence establishing that he was legally incompetent—unable to understand the charges against him or unable to assist his counsel—he cannot demonstrate prejudice resulting from failure to have a competency hearing. The state's habeas opinion is a reasonable determination of facts and a reasonable application of applicable law, and this court must defer to that decision.

III.

For the reasons stated above, the court will grant the respondent's motion to dismiss.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability.  Fed. R. Gov. § 2254 Cases 11(a).  A certificate of appealability may only issue if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  Forman has not made such showings in this case.

An appropriate order will be entered.

Entered: March 1, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

14